IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN MICHAEL YUNGA RUMIPULLA, <br><br> Petitioner, <br><br> vs. <br><br> MARKWAYNE MULLIN, Acting Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement;  IMMIGRATION AND CUSTOMS ENFORCEMENT, DAREN K. MARGOLIN, Director for Executive Office for Immigration Review;  EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DAVID EASTERWOOD, Acting Director, Fort Snelling Field Office Immigration and Customs Enforcement;  WARDEN OF MCCOOK DETENTION CENTER, in their official capacity; and PAMELA BONDI, Attorney General; <br><br> Respondents. | 8:26CV103 <br><br><br> ORDER TO SHOW CAUSE |

The Petitioner seeks immediate release from the custody of the Department of Homeland Security at the McCook Detention Center in McCook, Nebraska.  Filing No. 1. Pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

1

1. The Clerk of the Court shall, before docketing this order, add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the Respondents and shall, after doing so, regenerate the filing for the petition.

2. The respondents shall, on or before **March 16, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3. The respondents' answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

   b. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

   c. The government's position on whether an evidentiary hearing should be conducted; and

   d. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

4. The petitioner may reply in support of the petition on or before **March 19, 2026**.

5. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

6. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

2

Dated this 10th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge