IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN MICHAEL YUNGA RUMIPULLA,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, Acting Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT, DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DAVID EASTERWOOD, Acting Director, Fort Snelling Field Office Immigration and Customs Enforcement; WARDEN OF MCCOOK DETENTION CENTER, in their official capacity; and PAMELA BONDI, Attorney General;<br><br>Respondents. | **8:26CV103**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on John Michael Yunga Rumipulla's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained because he has not been afforded a bond hearing before an immigration judge. Respondents argue Petitioner is not entitled to a bond hearing because he is subject to mandatory detention as an alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to provide Petitioner a bond determination hearing in immigration court.

1

## I.    BACKGROUND

Petitioner is a native and citizen of Ecuador.  Filing No. 1 at 5; Filing No. 8 at 3.  He entered the United States without inspection in February 2024.  Filing No. 1 at 10.  ICE arrested Petitioner on January 3, 2026.  Filing No. 8 at 3–4; Filing No. 1 at 10.  On March 11, 2026, an immigration judge ordered Petitioner removed from the United States to Ecuador.  Filing No. 8-3 at 1.  Petitioner reserved appeal.  Filing No. 8-3 at 2.

Petitioner seeks a writ of habeas corpus ordering Respondents to afford him a bond hearing.  Filing No. 1 at 30–31.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  This includes immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

Respondents have produced evidence that since the filing of the Petition, Petitioner has been ordered removed by an immigration judge.  Filing No. 8-3.  A noncitizen ordered removed "shall" be detained.  8 U.S.C. § 1231(a)(2)(A).  However, this mandatory detention does not begin until "the order of removal becomes administratively final."  8 U.S.C. § 1231(a(1)(B)(i).  Respondents concede that, because Petitioner reserved his right to appeal the immigration judge's removal order, that order is not yet administratively final.  Filing No. 6 at 2; 8 C.F.R 1003.39 ("[T]he decision of the

2

Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first.").[1]  Because Petitioner's order of removal is not administratively final, Respondents argue he is subject to mandatory detention as an arriving alien seeking admission under 8 U.S.C. § 1225(b)(2)(A).

The undersigned has already addressed the legal issue presented in this case in *Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328 (D. Neb. Jan. 8, 2026).  The Court sees no reason to depart from its prior reasoning.  The Fifth Circuit Court of Appeals' recent decision to the contrary is not binding on this Court.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

In short, the Court concludes Respondents' interpretation of the INA is incorrect. A noncitizen who was apprehended after already being present in the United States is not an arriving alien seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See Chavez Avila*, 2026 WL 63328, at *2–3.  Rather, such a noncitizen must be detained pursuant to a warrant and afforded a prompt bond determination before an immigration judge pursuant to 8 U.S.C. § 1226(a).  *Id.*  Accordingly, the proper remedy is that Petitioner be afforded a prompt bond determination before an immigration judge. Therefore,

IT IS ORDERED:

1.  Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

---

[1] Although Respondents' affidavit and the order of removal state Petitioner has 30 days to file his appeal, the Department of Justice has published an interim final rule, effective March 9, 2026, that shortens the appellate period from 30 to 10 days. *Appellate Procedures for the Board of Immigration Appeals*, 91 FR 5267-01, 2026 WL 312823 (February 6, 2026).  The DOJ later extended the comment period on the interim rule to run through April 8, 2026, but did not change the effective date. *Appellate Procedures for the Board of Immigration Appeals; Extension of Comment Period*, 91 FR 9705-01, 2026 WL 540872 (February 27, 2026).  Regardless, under either rule, Petitioner's case is not yet administratively final.

2. Respondents shall promptly afford Petitioner a bond determination hearing pursuant to 8 U.S.C. § 1226.

3. On or before **March 23, 2026**, respondents shall file a status update regarding Petitioner's bond hearing.

4. The Court will enter a separate judgment.

Dated this 13th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4